**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>(Rural Development), )<br>          )<br>     **Plaintiff,** )<br>          )<br>     v.     )<br>          )<br>DONNA DEALTIER PICKARD, )<br>THE VIRGIN ISLANDS HOUSING FINANCE )<br>AUTHORITY, and THE GOVERNMENT OF )<br>THE VIRGIN ISLANDS (Parks and Recreation )<br>f/k/a Housing, Parks, and Recreation, )<br>          )<br>     **Defendants.** )<br>_____ ) | Civil Action No. 2014-0044 |

**Attorneys:**
**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
  *For Plaintiff*

**Flavia Logie, Esq.,**
St. Thomas, U.S.V.I.
  *For Defendant Virgin Islands Housing Finance Authority*

**Raymond James, Esq.,**
St. Croix, U.S.V.I.
  *For Defendant Government of the Virgin Islands*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" (the "Motion") filed by Plaintiff United States of America (Rural Development) ("Plaintiff" or the "United States") against Defendant Donna Dealtier Pickard ("Pickard"). (Dkt. No. 23). For the

reasons discussed below, the Court will grant the United States' Motion for Default Judgment against Pickard.[1]

## I. BACKGROUND

On August 4, 2014, Plaintiff filed a Complaint for debt and foreclosure against Pickard, the Virgin Islands Housing Finance Authority ("VIHFA"), the Government of the Virgin Islands Department of Parks and Recreation f/k/a Housing, Parks, and Recreation ("V.I. Government"), and Bruce C. Whyte. (Compl., Dkt. No. 1).[2] The United States alleged that, on April 30, 2003, Pickard executed and delivered to Plaintiff, acting through Rural Development (also known as Rural Housing Service, an agency of the U.S. Department of Agriculture), a Promissory Note (the "Note") in which she promised to pay the United States $60,000.00, plus interest at the rate of 6.00% per annum, and to pay $348.34 in monthly installments beginning on May 28, 2003. *Id.* ¶ 8. As security for payment on the Note, on the same day, Pickard executed and delivered to the United States a Mortgage encumbering the following property ("the Property") described as:

> Plot No. 439 of Remainder Parcel No. 5, Estate Castle Burke, VICORP LANDS, Prince Quarter, St. Croix, Virgin Islands consisting of 0.1836 U.S. acre, more or less, as shown on PWD Drawing No. 5180 dated July 6, 2000, revised June 14, 2001.

*Id.* ¶ 9. The Complaint alleged that, on April 30, 2003, Pickard also entered a Subsidy Repayment Agreement with the United States, providing for the United States to recapture interest credits granted to Pickard upon foreclosure of the Mortgage. *Id.* ¶ 10.

---

[1] The Court has granted a Joint Motion to Enter Consent Judgment and approved a Consent Judgment of Foreclosure (Dkt. No. 25) in favor of the United States against the remaining Defendants, Virgin Islands Housing Finance Authority and the Government of the Virgin Islands. (Dkt. No. 26).

[2] Mr. Whyte was sued because he had a judgment lien on the property at issue. He was dismissed as a party in December 2014 because his judgment lien had been satisfied. (Dkt. No. 12).

The Complaint further alleged that Pickard defaulted under the terms and conditions of the Note and Mortgage by failing to pay the monthly installment due on December 28, 2006 and all subsequent installments. As a result, Plaintiff declared the entire amount of the indebtedness evidenced by the loan documents to be immediately due and payable, and demanded payment. As of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 11-13.

The Complaint provided that the following sums were due under the Note as of January 15, 2014: $57,664.47 in principal, $24,692.83 in interest, and $22,921.88 in costs and fees, for a total of $105,290.17. That sum accrues interest at the rate of $9.4791 per diem until the date of Judgment, and at the legal rate of interest, pursuant to 28 U.S.C. § 1961, thereafter. *Id.* ¶ 14.

The United States named VIHFA as a Defendant because it "may claim an interest in the aforesaid real property by virtue of a mortgage executed in its favor by Pickard, dated April 30, 2003[.]" *Id.* ¶ 15.

The V.I. Government was named as a Defendant because it "may claim an interest in the aforesaid real property by virtue of a 25-year option to repurchase the Property in the event Pickard defaults." *Id.* ¶ 16. Attached to the Complaint was a copy of the V.I. Government's Waiver and Subordination Agreement in which the V.I. Government, *inter alia*, reserved for twenty-five years a "first priority option exercisable within one hundred and twenty (120) days from the date of written notice to the Government of Lender(s) intent to foreclose on the Property, to repurchase the Property," and subordinated its lien to the United States' first priority purchase money mortgage. (Dkt. No. 1-7).

The United States sought judgment against Pickard, *inter alia*, for all amounts due under the Note and foreclosure of the Mortgage. The United States also sought a judgment declaring the

3

priority of liens against the Property, as between the United States, VIHFA, and the VI Government, including that the United States holds a first priority lien. *Id.* at pp. 6-7.

Pickard was served on October 23, 2014. (Dkt. No. 10). She did not answer the Complaint and, on January 26, 2015, the Clerk of Court entered default against her. (Dkt. No. 17).

Defendant V.I. Government answered the Complaint on October 16, 2014. (Dkt. No. 8). VIHFA filed an answer on December 23, 2014. (Dkt. No. 16).

On June 1, 2015, the United States filed the instant Motion for Default Judgment against Pickard. (Dkt. No. 23). In its Memorandum in Support of its Motion, the United States contends that it is authorized to foreclose on the Property because: (1) Pickard executed and delivered the Note and Mortgage to the United States, in which she promised to pay the debt owed, and pledged the Property as security for the debt; (2) Pickard agreed that the United States would recoup any subsidies provided to her in the event of default; and (3) the United States sent a Notice of Default, Acceleration of the Mortgage and Demand for Payment to Pickard at the address she provided. (Dkt. No. 24). The United States also asserts that the requirements for a default judgment are satisfied because Pickard was personally served with a copy of the Summons and Complaint; she failed to defend the action or dispute any of the factual allegations; the Clerk of Court entered default against her in January 2015; and Blake is not an infant or an incompetent person, nor in active duty in any branch of the military service. *Id.* In addition, the United States argued that the three factors for determining whether default judgment was appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), were met. *Id.*

The United States included a Declaration on the Certification of Government Records signed by Kimme R. Bryce, Area Director, United States Department of Agriculture, who had personal knowledge of the documents executed by Pickard, which were maintained as part of the

4

United States' business records. (Dkt. No. 24-1). Ms. Bryce also signed a Certificate of Indebtedness, attached to her Declaration, certifying that Pickard was indebted to the United States in the amount stated on the attached Payoff Information Sheet, which itemized how the interest and costs on the account were calculated. (Dkt. No. 24-2).

Ms. Bryce asserted that, as of April 15, 2015, Pickard was indebted to the United States in the principal amount of $57,664.47; plus accrued interest from November 28, 2006 to April 15, 2015 in the amount of $29,005.78; plus late charges of $27.69; plus taxes, insurance, and title search fees of $20,268.32; plus interest on those fees of $5,866.98; for a total indebtedness of $112,833.24. In addition, $9.4791 in per diem interest on the principal and $3.3274 in per diem interest on the fees accrues from April 16, 2015 until the date of Judgment. (Dkt. No. 24-2).

The United States also provided a Declaration of Angela Tyson-Floyd, Esq., counsel for the United States, who averred that Pickard was served with the Summons and Complaint; Pickard did not answer; the Clerk of Court entered default against her; and Pickard was not an infant or incapacitated person. (Dkt. No. 24-3). Attorney Tyson-Floyd also averred that Pickard was not in the military service, as shown by an attached Status Report pursuant to the Servicemembers Civil Relief Act. (Dkt. Nos. 24-3. 24-4).

On November 18, 2015, the United States and Defendants VIHFA and V.I. Government filed a "Joint Motion to Enter Consent Judgment" signed by counsel for these parties. (Dkt. No. 25). In the Joint Motion, the parties asked the Court to approve and sign the attached Consent Judgment of Foreclosure, as they had "stipulated to the facts and consented to judgment in the form attached to th[e] motion." *Id*.  The "Consent Judgment of Foreclosure" provided, *inter alia*, that "VIHFA's Mortgage is a second priority lien on the Property and is inferior to the lien of the United States." (Dkt. No. 25-1, ¶ 10. The Consent Judgment also provided that the V.I.

5

Government "has not delivered to the United States any intent to exercise its option to repurchase the Property since being given notice of Pickard's default." *Id.*, ¶ 11. The Joint Motion further provided that the United States would be awarded Judgment against Defendants VIHFA and the V.I. Government; that VIHFA's Mortgage and the V.I. Government's option to repurchase were foreclosed, as was the lien recorded against the Property by the United States. *Id.* The Court has approved the Consent Judgment of Foreclosure. (Dkt. No. 26).

## II. APPLICABLE LEGAL PRINCIPLES

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an

6

>affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III.   ANALYSIS

The United States has satisfied all of the requirements necessary to obtain a default judgment against Pickard. It has properly shown that: (1) default was entered against Pickard by the Clerk of Court (Dkt. No. 17), and (2) Pickard has not appeared. Further, in the Declaration of Counsel, Angela Tyson-Floyd, Esq., averred, upon information and belief, that Pickard is not an infant or an "incapacitated" person.[3] (Dkt. No. 24-3, ¶ 5); *see FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that counsel's "information and belief" are sufficient grounds upon which to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment). Attorney Tyson-Floyd also declared, and the record shows, that Pickard has been validly served with all pleadings (Dkt. No. 10, 10-1). In addition, the United States provided a copy of the Military Status Reports from the

---

[3] Pursuant to Rule 55(b)(1), a party seeking default judgment must show that the defendant who has defaulted "is neither a minor nor an incompetent person." While "incompetent" and "incapacitated" are not synonymous, the Court will not require the United States to resubmit its attorney declaration on this point.

Department of Defense Manpower Data Center showing that Donna Dealtier Pickard is not a member of the military service as defined in the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 24-3, ¶¶ 6-8; Dkt. No. 24-4). Further, the United States has shown with specificity how it calculated the amount of monies due by providing the Declaration of Kimme Bryce, a Certificate of Indebtedness, and a Payoff Information Sheet. (Dkt. Nos. 24-1, 24-2).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from the apparent absence of a litigable defense by Pickard renders default judgment appropriate. In addition, Pickard's default was a result of her culpable conduct as evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment against Defendant Pickard is appropriate.

## IV.  CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's Motion for Default Judgment against Defendant Donna Dealtier Pickard. (Dkt. No. 23).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 8, 2016                                  _____/s/_____
                                                     WILMA A. LEWIS
                                                     Chief Judge